JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
michael@jlglawyers.com
Telephone: (818) 630-7280
Facsimile: (888) 879-1697

*Attorneys for Plaintiff Rodney Mojarro*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY MOJARRO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEWREZ LLC, a Delaware limited liability company d/b/a SHELLPOINT MORTGAGE SERVICING, and DOES 1 through 50,<br><br>Defendants. | Case No.<br><br>**INDIVIDUAL AND CLASS ACTION COMPLAINT FOR:**<br><br>(1) Breach of Contract<br><br>(2) Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff RODNEY MOJARRO, by and through his undersigned attorneys, brings this individual and class action against Defendant NEWREZ LLC doing business as SHELLPOINT MORTGAGE SERVICING ("Defendant" or "Shellpoint"), and DOES 1-50:

## INTRODUCTION

1. Plaintiff seeks relief from Defendants' misreporting and overcharging of Plaintiff's mortgage on Plaintiff's real property located at 5817 Friends Avenue, Whittier, California 90601 ("Subject Property") in violation of the terms of a written agreement between Plaintiff and Defendant, as alleged below.  Defendants' conduct constitutes a breach of contract and violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

2. Plaintiff seeks, *inter alia*, compensatory, statutory, and punitive damages and reasonable attorney's fees for Shellpoint's breach of contract and FCRA violations pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PARTIES

3. Plaintiff Rodney Mojarro currently resides and at all relevant times resided in Whittier, California.

4. Plaintiff is informed and believes, and based thereon alleges, that Shellpoint is a Delaware limited liability company purporting to have authority to conduct business in California. Shellpoint is registered with the California Secretary of State and conducts, now and at all times relevant herein, business in Los Angeles County, California.  Shellpoint is, and at all times relevant to this action was, a "person" as defined under 15 U.S.C. § 1681a.

5. At all times relevant, DOES 1 through 50 were employees, agents and/or authorized representatives of Shellpoint.  This Complaint shall be amended when the true names of DOES 1 through 50 are identified.  (Shellpoint and DOES 1 through 50 shall collectively be referred to as "Defendants.")

6. The true names and capacities, whether individuals, corporate, associate or otherwise of DOES 1 through 50 inclusive are unknown to Plaintiff and therefore Plaintiff sues the DOE defendants by such fictitious names.  Plaintiff will amend the complaint to allege the true names and capacities of DOE defendants when such names and capacities have been ascertained.  Plaintiff is informed and

1  believes that each of the DOE defendants is responsible in some manner for the actions and occurrences
2  alleged herein, and for resulting damages suffered by Plaintiff.

3       7.     Plaintiff is informed and believes, and thereon alleges, that Defendant and DOES 1
4  through 50 were at all relevant times to this action acting as subsidiaries, sister companies, acquired
5  entities, principals, officers, directors, shareholders or representatives of each other.

## JURISDICTION AND VENUE

7       8.     *Jurisdiction*. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 on
8  the basis that Defendants violated the FCRA by Defendants' acts or omissions. This court has personal
9  jurisdiction over the Defendants herein because Defendant and DOES 1-50 have purposefully availed
10 themselves of resources and protections of California, conduct business in and have systematic contacts
11 within California. Defendants conduct business in and the harm alleged herein is related to real property
12 located in the County of Los Angeles, State of California.

13      9.     *Venue*. Venue is proper in the United States District Court for the Central District of
14 California pursuant to 28 U.S.C. § 1391 because the contract at issue was entered to in Los Angeles, the
15 subsequent breach occurred in Los Angeles, and (as discussed further below) the property central to the
16 contract is located in Los Angeles County.

## GENERAL ALLEGATIONS

18      10.    Plaintiff is and at all relevant times was the owner of real property located at 5817
19 Friends Avenue, Whittier, CA 90601 ("Subject Property"). The Subject Property is encumbered by a
20 senior mortgage (the "Senior Mortgage") currently serviced by Shellpoint.

21      11.    On or about January 7, 2014, Plaintiff filed a voluntary petition for Chapter 11
22 Bankruptcy. On September 9, 2015, the bankruptcy court entered an order confirming Plaintiff's Fourth
23 Amended Chapter 11 Plan (the "Plan"). With respect to the Senior Mortgage, the Plan provided for
24 payments of $2,429.41 each month until March 1, 2019 and payments of $2,452.64 each month
25 thereafter until August 1, 2036, plus property taxes and insurance paid through a monthly escrow
26 payment of $637.83, subject to periodic adjustments of the escrow payment.

27      12.    Plaintiff timely made all payments required by the Plan with respect to the Senior
28 Mortgage.

13. Shellpoint began servicing the Senior Mortgage in or about February 2020.

14. In or about July 2020, Shellpoint reported to consumer reporting agency Experian that Plaintiff was 120+ days delinquent on the Senior Mortgage as of May 2020, notwithstanding the fact that Shellpoint had previously reported that Plaintiff was current on payments prior to May 2020.

15. On or about July 22, 2020, Plaintiff notified Experian that he disputed the delinquency reported by Shellpoint and provided proof of his timely Shellpoint mortgage payments to Experian.

16. On or about August 19, 2020, Experian concluded its reinvestigation and removed the delinquent payment reporting by Shellpoint from Plaintiff's credit file, resulting in an improvement of Plaintiff's credit score of 142 points.

17. On or about October 28, 2020, Shellpoint again reported to Experian that Plaintiff was 120+ days delinquent on the Senior Mortgage, notwithstanding the prior reinvestigation by Experian.

18. Shellpoint's misreporting decreased Plaintiff's FICO score by 143 points and significantly and negatively impacted his credit rating, which went from "Very Good" to "Fair."

19. On or about October 28, 2020, Plaintiff again notified Experian that he disputed the delinquency reported by Shellpoint.

20. On information and belief, Shellpoint willfully failed to investigate Plaintiff's disputed credit information, and failed to modify, delete, or permanently block the inaccurate, incomplete, or unverified disputed credit information.

21. At all relevant times, Plaintiff timely made his required mortgage payments to Shellpoint and Shellpoint's report to consumer reporting agency Experian was, in fact, inaccurate.

**CLASS ACTION ALLEGATIONS**

22. When a consumer notifies a consumer reporting agency that he or she disputes any item of information contained in the consumer's file, the consumer reporting agency must, within five business days, provide notification of the dispute with any person who provided any item of information in dispute. 15 U.S.C. § 1681i(a)(2)(A).

23. After receiving such notice, the furnisher must conduct an investigation with respect to the disputed information. 11 U.S.C. § 1681s-2(b)(1)(A). If an item of information disputed by a consumer is found to be inaccurate, incomplete, or cannot be verified, the furnisher must either modify,

1  delete, or permanently block the reporting of that item of information.  11 U.S.C. § 1681s-2(b)(1)(E).

2  24.  On information and belief, Shellpoint's failure to investigate disputed account
3  information is a result of its standard policies and practices adopted in reckless disregard of consumers'
4  rights under the FCRA.

5  25.  Plaintiff brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of
6  Civil Procedure, based on Shellpoint's failure to comply with 15 U.S.C. §§ 1681s-2(b).

7  26.  This cause of action is brought on behalf of Plaintiff and the members of a class.

8  27.  The class consists of all persons whom Defendants' records reflect resided in the State of
9  California, for whom Shellpoint received notice of a dispute of an account appearing in the person's
10 credit files, during the period beginning two years prior to the filing of this action and through the time
11 of judgment.

12 28.  The class is so numerous that joinder of all members is impracticable.  Although the
13 precise number of class members is known only to the Shellpoint, Equifax has represented that it is the
14 fifth-largest non-bank servicer in the United States.  Accordingly, Plaintiff estimates that the class has
15 thousands of members.

16 29.  There are questions of law and fact common to the classes that predominate over any
17 questions affecting only individual class members. The principal questions are whether Shellpoint
18 violated the FCRA by failing to investigate the disputed information, and by failing to modify, delete, or
19 permanently block any inaccurate, incomplete, or unverified disputed information; and whether
20 Shellpoint's violations were willful.

21 30.  Plaintiff's claims are typical of the claims of the classes, which all arise from the same
22 operative facts and are based on the same legal theory: a dispute with respect to information furnished
23 by Shellpoint, which Shellpoint did not investigate, modify, delete, or permanently block as required by
24 15 U.S.C. § 1681s-2(b).  Plaintiff's claim is typical of the two-year class because he made his dispute
25 within two years.

26 31.  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed
27 to vigorously litigating this matter and has retained counsel experienced in handling class actions.
28 Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue these

1 claims.

2 32.   This action should be maintained as a class action because questions of law and fact common to class members predominate over any questions affecting only individual class members, and because a class action is a superior method for the fair and efficient adjudication of this controversy.  On information and belief, Shellpoint's conduct described in this Complaint stems from standard policies and practices, resulting in common violations of the FCRA.  Class members do not have an interest in pursuing separate actions against Shellpoint, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Shellpoint's practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

33.   This action should be maintained as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of class members not parties to the adjudications or substantially impair or impede their ability to protect their rights.

## FIRST CAUSE OF ACTION

*Breach of Contract*

*(On Behalf of Plaintiff Against All Defendants)*

34.   Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

35.   As set forth hereinabove, Plaintiff entered into a written contract, i.e. the Plan, with Defendants.

36.   The Plan provides for payments of $2,429.41 each month until March 1, 2019 and payments of $2,452.64 each month thereafter until August 1, 2036, plus property taxes and insurance paid through a monthly escrow payment of $637.83, subject to periodic adjustments of the escrow

payment. Plaintiff adhered to the terms of the Plan and made timely payments to Shellpoint.

37. Despite Plaintiff's adherence to the Plan, Defendants nonetheless maintained that Plaintiff was delinquent on his mortgage payments with respect to the Subject Property.

38. As a proximate result of Defendants' breach of the Plan, as alleged herein, Plaintiff has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

*Fair Credit Reporting Act Violation*

*15 U.S.C. § 1681 et seq.*

*(On Behalf of Class Members Against All Defendants)*

39. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

40. At all times mentioned in this Complaint, Defendant Shellpoint was a Furnisher of information as referred to in 15 U.S.C. § 1681s-2 of the FCRA.

41. Defendants Shellpoint is reporting inaccurate and/or false credit information concerning the Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

42. Prior to the commencement of this action, Plaintiff disputed certain information about Shellpoint accounts on Plaintiff's Experian consumer credit report.

43. On information and belief, Defendants failed to reasonably investigate the disputed information in Plaintiff's consumer report.

44. On information and belief, Defendants violated the duty under 15 U.S.C. 1681i by failing to obtain any underlying documentation in support of their contention that Plaintiff was delinquent on the account.

45. Pursuant to 15 U.S.C. § 1681n, Plaintiff is entitled to any actual damages sustained as a result of Defendants' conduct in willful violation of the statute or damages of not less than $100 and no more than $1000; such amount of punitive damages as the court may allow; and costs of the action together with reasonable attorney's fees as determined by the court.

46. Pursuant to 15 U.S.C. § 1681o, Plaintiff is entitled to actual damages, costs of suit, and reasonable attorney's fees as determined by the court for Defendants' negligent violation of the statute.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. That, with respect to the First Claim for Relief, this Court enter judgment and compensatory damages in an amount to be proven at trial, in favor of Plaintiff against Defendants for their breach of terms of the Plan;

2. That, with respect to the Second Claim for Relief, this Court enter judgment in favor of Plaintiff and against Defendants for willful violation or negligent violation of the relevant provisions of the FCRA. Pursuant to 15 U.S.C. § 1681n, Plaintiff is entitled to any actual damages sustained as a result of Defendants' conduct in willful violation of the statute or damages of not less than $100 and no more than $1,000; such amount of punitive damages as the court may allow; and costs of the action together with reasonable attorney's fees as determined by the court. Pursuant to 15 U.S.C. § 1681o, Plaintiff is entitled to actual damages, costs of suit, and reasonable attorney's fees as determined by the court for Defendants' negligent violation of the statute;

3. For an award of pre-judgment and post-judgment interest, to the extent allowable by law; and

4. For such further relief as the Court deems fit and proper.

Dated: February 18, 2021

Jaurigue Law Group

Michael J. Jaurigue
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury as to all claims for relief.

Dated: February 18, 2021

Jaurigue Law Group

_____
Michael J. Jaurigue
*Attorneys for Plaintiff*